# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Case No. 13-501V
August 25, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| SHANA SCALES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount Requested to which |
| | * | Respondent Does Not Object. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Meredith Daniels, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Lisa Watts, United States Department of Justice, Washington, DC, for respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On July 23, 2013, Shana Scales ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Ms. Scales alleged that she received an influenza ("flu") vaccination on October 21, 2010, and that she thereafter suffered from an injection-related shoulder injury ("SIRVA") and rheumatoid arthritis ("RA") which were caused in fact by the vaccination. *See* Petition at 1. On May 30, 2014, the undersigned entered a decision awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 20, 2014, petitioner filed a Motion for Attorneys' Fees and Costs in the amount of $12,793.56.  Simultaneously, petitioner filed a Statement in compliance with General Order Number 9, according to which petitioner did not personally incur any costs in pursuit if her vaccine claim.  On August 22, 2014, respondent filed a status report in which advises the Court that "she has no objection to Attorneys' Fees and Costs in the total amount of $12,793.56."

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned GRANTS the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**in the form of a check jointly payable to petitioner and to petitioner's attorney, Ronald C. Homer, of Conway, Homer & Chin-Caplan, P.C., in the amount of $12,793.56.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master